**CV 15                3620**                    FILED
                                                 CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     2015 JUN 22 AM 9: 58
-------------------------------------------------------------------X
JANE DOE,                              Civil Action No.     U.S. DISTRICT COURT
                                                            EASTERN DISTRICT
                            *Plaintiff,*       **COMPLAINT**  OF NEW YORK

            -against-

HOLY BAGEL CAFE II, INC. d/b/a BAGEL CAFE
d/b/a BAGEL CAFE II, SANG CHON LEE, EN SEOUN    **Jury Trial Demanded**
LEE and LUDWIN R. SANCHEZ a/k/a ROBERTO
SANCHEZ,                                                    **BIANCO, J.**

                            *Defendants.*                  **SHIELDS, M.J.**

-------------------------------------------------------------------X

    Plaintiff, through her counsel, complaining of the above-named defendants, respectfully

alleges, the following:

                            **INTRODUCTION**

    This is an action against the defendants for damages pursuant to Federal and New York

State law for discrimination in employment on the basis of sexual harassment. This is also an

action for statutory failure to pay wages and common law assault, battery, wrongful detention/

false imprisonment.


                            **THE PARTIES**

1.    Plaintiff JANE DOE, a pseudonym for a natural person, was an infant at the time of the

      occurrences that are the subject of this action.


2.    Plaintiff JANE DOE's actual name and identity are known to all defendants to the action.


3.    Plaintiff JANE DOE, also identified herein as 'the then infant plaintiff,' is a resident of the

      town of Islip, County of Suffolk and State of New York.


4.    Defendant HOLY BAGEL CAFE II, INC., (hereinafter "HOLY BAGEL CAFE") is a

      New York State corporation, authorized by and registered with the New York State

      Secretary of State on February 05, 2008 under Department of State Identification number

3627068 as a Domestic Business Corporation that does business as BAGEL CAFE and BAGEL CAFE II, and has a principal place of business at 134 West Main Street, Hamlet of Bay Shore, Town of Islip, County of Suffolk, and State of New York.

5.   Defendant SANG CHON LEE is a natural person who resides in the Hamlet of Plainview, Town of Oyster Bay, Nassau County, New York.

6.   Defendant EN SEOUN LEE is a natural person who resides in the Hamlet of Plainview, Town of Oyster Bay, Nassau County, New York.

7.   Defendant, LUDWIN R. SANCHEZ A/K/A ROBERTO SANCHEZ (hereinafter "SANCHEZ") is a natural person who resides in Islip, County of Suffolk, New York.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

8.   This court has original jurisdiction under 28 U.S.C. § 1331 and specifically under 42 USC § 2000e-5(f)(3).

9.   Venue is properly placed in this District under 28 U.S.C. § 1391(b).

10.  This court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. § 1367(a).

11.  A U.S. Equal Employment Opportunity Commission (EEOC) Complaint was timely served by plaintiff upon the local EEOC Offices at 33 Whitehall Street, 5th Floor, New York, 1004-2122 on June 11, 2014.

12.  All conditions precedent to this lawsuit have been fulfilled; a right to sue letter was issued by the EEOC, mailed on April 29, 2015 and received on May 1, 2015. (*See* Exhibit # 1 (REDACTED))

## BACKGROUND

13.     Defendant HOLY BAGEL CAFE at all times relevant to this complaint owned/owns and operated/operates a bakery, bagel shop and cafe, located at 134 West Main Street, Bay Shore, New York 11706.

14.     Upon information and belief, Defendant SANG CHON LEE, at all times relevant to this complaint, was, and is, the Chairman and/or Chief Executive Officer, agent, director and shareholder of HOLY BAGEL CAFE.

15.     Upon information and belief, Defendant EN SEOUN LEE, at all relevant times, was, and is, an officer, agent, director and shareholder of HOLY BAGEL CAFE.

16.     At all relevant times, Defendant SANG CHON LEE and EN SEOUN LEE were the managers and supervisors of HOLY BAGEL CAFE.

17.     At all relevant times, Defendant EN SEOUN LEE was responsible for setting the work schedule of the workers at HOLY BAGEL CAFE.

18.     JANE DOE, then age 17, started working as an employee of Defendant HOLY BAGEL CAFE in or about May 2013.

19.     At all relevant times, JANE DOE worked as a counter clerk at HOLY BAGEL CAFE.

20.     Defendant SANG CHON LEE was JANE DOE's manager and supervisor.

21.     Defendant SANG CHON LEE had authority to undertake or recommend tangible employment decisions affecting JANE DOE.

22.     Defendant SANG CHON LEE had authority to direct JANE DOE's daily work activities.

23.     Defendant EN SEOUN LEE was JANE DOE's manager and supervisor.

24.   Defendant EN SEOUN LEE had authority to undertake or recommend tangible employment decisions affecting JANE DOE.

25.   Defendant EN SEOUN LEE had authority to direct JANE DOE's daily work activities.

26.   Defendant SANG CHON LEE was SANCHEZ's manager and supervisor.

27.   Defendant EN SEOUN LEE was SANCHEZ's manager and supervisor.

28.   Defendant SANCHEZ, as the senior baker, had authority to direct JANE DOE's daily work activities.

29.   While Plaintiff JANE DOE's high school was in session she earned approximately $170 per week.

30.   While Plaintiff JANE DOE's high school was out of session she earned approximately $250 per week.

31.   In or about September of 2013 JANE DOE's work scheduled changed to include working on Saturdays and Sundays from 5:30 a.m. to 3:00 p.m.

32.   JANE DOE and SANCHEZ would arrive at the subject premises at or before 5:30 a.m. to open the HOLY BAGEL CAFE.

33.   Defendant SANG CHON LEE would generally arrive no earlier than 6:00 a.m.

34.   In or about October of 2013, while JANE DOE was at work at the HOLY BAGEL CAFE, Defendant SANCHEZ began to brush up against plaintiff's body with his as he walked passed her, particularly when she was washing dishes.

35.  SANCHEZ then escalated his conduct to include unwelcome touching in the form of slapping the infant plaintiff's buttocks and touching her breasts and vaginal area while making sexually inappropriate comments.

36.  JANE DOE told SANCHEZ to stop touching her and making inappropriate comments as they were unwelcome.

37.  On occasion, plaintiff yelled at SANCHEZ while informing him to stop touching her and making inappropriate comments.

38.  Despite express awareness that the conduct was unwelcome SANCHEZ's sexual touching of the infant plaintiff and inappropriate remarks continued unabated.

39.  Defendant SANCHEZ's regular and consistent unwelcome and inappropriate remarks included, but were not limited to "you're so sexy mi amore," "you look hot" and other inappropriate sexual remarks about DOE's clothing, along with repeated invitations to come to his house.

40.  In or about October of 2013 plaintiff informed Defendant EN SEOUN LEE, who had managerial and supervisory authority over SANCHEZ, that she was being subjected to sexual comments and inappropriate sexual touching by SANCHEZ.

41.  Defendant EN SEOUN LEE responded to Plaintiff's complaints by stating "he was probably joking" and failed to take any action to address SANCHEZ's inappropriate and unwelcome behavior but claimed that she would consider changing the schedule so that Plaintiff would be able to avoid SANCHEZ.

42.  Despite repeated complaints Defendant EN SEOUN LEE never changed the schedule to protect the infant plaintiff from SANCHEZ's sexual comments and inappropriate sexual touching.

43.   The infant plaintiff further informed Defendant SANG CHON LEE on repeated and separate occasions that she was being subjected to sexual comments and inappropriate sexual touching by SANCHEZ.

44.   SANG CHON LEE responded by telling JANE DOE to take care of the customers and he will talk to SANCHEZ.

45.   Defendant SANG CHON LEE took no actions to correct or improve SANCHEZ's objectionable behavior as indicated above.

46.   After JANE DOE repeatedly complained to both SANG CHON LEE and  EN SEOUN LEE, SANCHEZ continued to engage in the above expressly unwelcome and inappropriate sexual touching and comments toward the infant plaintiff.

47.   In the early morning of February 23, 2014, when the infant plaintiff entered the freezer in the rear of the HOLY BAGEL CAFE to retrieve lettuce, SANCHEZ locked JANE DOE in by intentionally closing the door behind her.

48.   For several minutes the infant plaintiff was aware and fearful that she was confined to the freezer and unable to escape.

49.   After SANCHEZ opened the door he forced the infant plaintiff up against a cutting table while groping her buttocks, breasts and vaginal area.

50.   After struggling to escape from SANCHEZ and returning to the area behind the front counter SANCHEZ came up from behind her and again grabbed her breasts.

51.   SANCHEZ's persistent attack caused the infant plaintiff to breakdown in tears and call her sister on the phone in desperation.

52.   Overhearing the commotion caused by the above phone call, JANE DOE's parents called the Suffolk County Police and departed for HOLY BAGEL CAFE's Main Street location.

53. When the police arrived and questioned SANCHEZ, he admitted to engaging in the sexual touching of the infant JANE DOE.

54. During the police investigation on the morning of February 23, 2014, the responding officer from the Suffolk County Police Department direct Defendant SANG CHON LEE to come to the HOLY BAGEL CAFE's Main Street location.

55. JANE DOE's father and the responding police officer from the Suffolk County Police Department communicated to SANG CHON LEE that JANE DOE could not continue to work unless SANCHEZ was fired.

56. Following that morning's investigation, the responding police officer suggested that SANG CHON LEE terminate the employment of SANCHEZ.

57. SANG CHON LEE refused to terminate the employment of SANCHEZ.

58. SANG CHON LEE's refusal to terminate the employment of SANCHEZ resulted in the constructive termination of the infant plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
## FEDERAL - SEXUAL HARASSMENT/DISCRIMINATION

59. Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

60. Defendants engaged in employment discrimination by subjecting plaintiff JANE DOE to sexual harassment and creating and allowing a hostile work environment to persist.

61. The discriminatory and hostile work environment led to Plaintiff JANE DOE's constructive discharge from her employment.

62. The aforesaid discrimination was intentional and willful.

63. Defendants engaged in the aforesaid discrimination with malice or with reckless indifference to the federally protected rights of JANE DOE.

64.     As such, Plaintiff JANE DOE is entitled to backpay, interest on backpay, and an injunction against Defendant HOLY BAGEL CAFE from engaging in discrimination on the basis of sex due to the sexual harassment of JANE DOE, and for Defendants SANCHEZ, SANG CHON LEE and EN SEOUN LEE to attend 30 hours of classes, approved by the court, on sexual harassment and prohibited discrimination at their expense.

65.     In addition, Plaintiff JANE DOE  is entitled to compensatory damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and punitive damages from the Defendants.

66.     As such, plaintiff JANE DOE seeks a sum to be determined by a jury and not to exceed **$750,000.00 (SEVEN HUNDRED AND FIFTY THOUSAND) DOLLARS** from the defendants jointly and severally on this cause of action.

67.     In addition, plaintiff seeks costs, attorney fees, and expert fees for this cause of action.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW 296 (1)(a): - SEXUAL HARASSMENT/DISCRIMINATION

68.     Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

69.     Defendant HOLY BAGEL CAFE violated NYS Executive Law 296 (1)(a) by discriminating against plaintiff because of her sex by subjecting plaintiff JANE DOE to sexual harassment and creating a hostile and discriminatory work environment.

70.     As such, plaintiff JANE DOE seeks a sum to be determined by a jury and not to exceed **$750,000.00 (SEVEN HUNDRED AND FIFTY THOUSAND) DOLLARS** from Defendant HOLY BAGEL CAFE on this cause of action.

71.     In addition plaintiff demands punitive damages to be determined by a jury.

72.     In addition, plaintiff seeks costs, attorney fees, and expert fees for this cause of action.

## AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK STATE EXECUTIVE LAW 296 (6): - SEXUAL HARASSMENT/DISCRIMINATION

73.     Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

74.     Defendants SANCHEZ, SANG CHON LEE and EN SEOUN LEE violated NYS Executive Law 296 (6) by aiding, abetting, inciting, compelling and/or coercing HOLY BAGEL CAFE and/or each other or attempting to do so, to discriminate against plaintiff JANE DOE because of her gender by subjecting plaintiff JANE DOE to sexual harassment and creating a hostile work environment and discriminating against job applicants on the basis of gender.

75.     As such, plaintiff JANE DOE seeks a sum not to exceed **$750,000.00 (SEVEN HUNDRED AND FIFTY THOUSAND) DOLLARS** from Defendants SANCHEZ, SANG CHON LEE and EN SEOUN LEE jointly and severally on this cause of action,.

76.     In addition plaintiff demands punitive damages to be determined by a jury against the individual defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK STATE COMMON LAW BATTERY

77.     Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

78.     Defendant SANCHEZ forcibly grabbed Plaintiff JANE DOE's breasts, buttocks and vaginal area, and engaged in other acts of offensive touching against Plaintiff against her will.

79.     Said forcible touching and grabbing of Plaintiff and other acts of offensive touching was harmful, without consent, and unjustified.

80.   Defendant SANCHEZ committed the common law tort of battery on the Plaintiff on many occasions between September 1, 2013 and February 23, 2014.

81.   SANCHEZ committed the common law tort of battery on the Plaintiff on many occasions between September 1, 2013 and February 23, 2014.

82.   That by reason of the aforementioned acts constituting battery, Plaintiff JANE DOE was harmed physically and emotionally.

83.   JANE DOE was scared, subjected to physical pain, humiliation, embarrassment, anxiety, and she is still subjected to various ongoing harm.

84.   That Defendant HOLY BAGEL CAFE is vicariously liable to the plaintiff for each individual defendant's common law torts via the principle of respondeat superior.

85.   That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

86.   That by reason of the foregoing, plaintiff JANE DOE has been damaged in a sum to be determined by a jury at trial, not to exceed **$1,000,000.00. (ONE MILLION) DOLLARS**.

87.   Plaintiff is entitled to awards of punitive damages against Defendants HOLY BAGEL CAFE and SANCHEZ jointly and severally on this cause of action.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE COMMON LAW ASSAULT

88.   Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

89.   Defendant SANCHEZ placed JANE DOE in apprehension of offensive touching against her will.

90.    By such conduct, SANCHEZ committed the common law tort of assault on the Plaintiff on repeated occasions between September 1, 2013 and February 23, 2014.

91.    That by reason of the aforementioned acts of assault, Plaintiff JANE DOE was harmed.

92.    JANE DOE was scared, subjected to humiliation, embarrassment, anxiety, and she is still subjected to various ongoing harm.

93.    That Defendant HOLY BAGEL CAFE is vicariously liable to the plaintiff for each individual defendant's common law torts via the principle of respondeat superior.

94.    That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

95.    That by reason of the foregoing, plaintiff JANE DOE sustained damages in a sum to be determined by a jury at trial, not to exceed **$750,000,00. (SEVEN HUNDRED AND FIFTY THOUSAND) DOLLARS** against Defendants HOLY BAGEL CAFE and SANCHEZ jointly and severally on this cause of action.

96.    Plaintiff is entitled to awards of punitive damages against Defendants HOLY BAGEL CAFE and SANCHEZ jointly and severally on this cause of action.

### AS FOR A SIXTH CAUSE OF ACTION
WRONGFUL DETENTION/ FALSE IMPRISONMENT

97.    Plaintiff repeats the foregoing paragraphs as if fully set forth at length.

98.    Defendant SANCHEZ willfully and intentionally locked and confined JANE DOE within the freezer of the HOLY BAGEL CAFE establishment.

99.    JANE DOE was aware that SANCHEZ caused her to become confined to the freezer and unable to escape from the extremely cold freezer.

100. JANE DOE was aware of and fearful upon the discovery that Defendant SANCHEZ had locked and confined her to the interior of the freezer.

101. That Defendant HOLY BAGEL CAFE is vicariously liable to the plaintiff for each individual defendant's common law torts via the principle of respondeat superior.

102. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

103. That by reason of the foregoing, plaintiff JANE DOE sustained damages in a sum to be determined by a jury at trial, not to exceed **$750,000.00. (SEVEN HUNDRED AND FIFTY THOUSAND) DOLLARS** against Defendants HOLY BAGEL CAFE and SANCHEZ jointly and severally on this cause of action.

104. Plaintiff is entitled to awards of punitive damages against Defendants HOLY BAGEL CAFE and SANCHEZ jointly and severally on this cause of action.


## AS FOR A SEVENTH CAUSE OF ACTION
## FAILURE TO PAY WAGES PURSUANT TO ARTICLE 6
## NEW YORK STATE LABOR LAW


105. Under Article 6 of the New York State Labor Law HOLY BAGEL CAFE was required to pay JANE DOE wages no later than the regular pay day for the pay period during which the termination occurred.

106. For the period worked prior to the time of the subject constructive termination JANE DOE had earned wages of approximately $156.75.

107. In violation of New York State Labor Law, HOLY BAGEL CAFE continues in its failure to pay the wages due and owing to JANE DOE.

108. Plaintiff also claims that the defendant violated all other applicable sections of New York Labor Law Article 6.

109. That by reason of the foregoing, plaintiff JANE DOE sustained damages in a sum to be determined by a jury at trial.

110. In addition, Plaintiff also seeks double damages as provided by stature, attorney's fees, court costs, and disbursements concerning this action.

WHEREFORE, Plaintiff, JANE DOE demands judgment for damages on each of the above causes of action set forth hereinabove in an amount not to exceed **FOUR MILLION SEVEN HUNDRED FIFTY THOUSAND THREE HUNDRED THIRTEEN DOLLARS ($4,750,313.00)**, exclusive of interest and costs, in addition to an award for punitive damages, together with costs and disbursements of this action on all causes of action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: June 5, 2015
      New York, New York

Michael Zilberg, Esq. [MZ-5250]
Certain & Zilberg, PLLC
*Counsel to Plaintiff* JANE DOE
909 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 687-7800
E-Mail: mzilberg@certainlaw.com

TO:

-13-

HOLY BAGEL CAFE II, INC.
134 West Main Street
Bay Shore, New York, 11706

SANG CHON LEE
89 Main Parkway
Plainview, New York 11803

EN SEOUN LEE
89 Main Parkway
Plainview, New York 11803

LUDWIN R. SANCHEZ
a/k/a ROBERTO SANCHEZ
302 Dry Gulch Path
Amityville, New York 11701

**EXHIBIT 1**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Austin F. Turner
Investigator
Phone (212) 336-3750
Fax (212) 336-3624

<u>VIA U.S MAIL</u>



Re:      ▇▇▇▇ v. Holy Bagel Cafe
         EEOC No.: 520-2014-02536

Dear Ms. ▇▇▇▇

Pursuant to your written request, please find the enclosed notice of right to sue. If you should
require further assistance please contact me at the number provided above.

Sincerely,

Austin Turner
Federal Investigator

APR 2 9 2015

Date

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: ████████████████

From: **New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-02536 | **Austin F. Turner, Investigator** | (212) 336-3750 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Benipa* (signature)

**Kevin J. Berry,
District Director**

APR 2 9 2015

*(Date Mailed)*

Enclosures(s)

cc: **Attn: Sung Soo Kim
Korean American Small Business Service Center
146-03 34th Avenue
Flushing NY 11354**

**Gary Certain
CERTAIN & ZILBERG, PLLC
909 Third Avenue. 28th Floor
New York, NY 10022**

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Gary Certain
CERTAIN & ZILBERG, PLLC
909 Third Avenue, 28th Floor
New York, NY 10022

1002234747 C314