UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANE DOE

                        Plaintiff,

            - against -

HOLY BAGEL CAFÉ II, INC. d/b/a BAGEL CAFÉ d/b/a BAGEL CAFÉ II, SANG CHON LEE, EN SEOUN LEE and LUDWIN R. SANCHEZ a/k/a ROBERTO SANCHEZ,

                        Defendants.

Case No. 15-CV-3620

**AFFIRMATION OF JIAN HANG**

---

Jian Hang, Esq. hereby declare pursuant to 28 U.S.C. §1746:

1. I am an attorney admitted to practice, and in good standing, in this district. I am the principle attorney for Hang & Associates, PLLC, and counsel of record for the Defendants Holy Bagel Café II, Inc., Sang Chon Lee and En Seoun Lee.

2. This action was commenced on June 22, 2015. Hang & Associates, PLLC answered the Plaintiffs' complaint on August 17, 2015 on behalf of Defendants Holy Bagel Café II, Inc., Sang Chon Lee and En Seoun Lee (hereinafter "Defendants").

3. Throughout the course of this litigation, Hang & Associates, PLLC have dutifully and fully represented the above named Defendants in this action to the best of its abilities and in accordance with this Court's rules, and generally accepted litigation practices.

4. This firm has sent the Defendants monthly invoices for legal services rendered. Defendants are billed based on the number of hours worked by attorneys at Hang & Associates, PLLC as well as for costs.

5. The Defendants have consistently paid considerably less than the amounts stated on the invoice. However, Defendants assured me that they could pay the full balance in small installment over a period of time.

6. As of this date Defendants have not made any payments towards the invoice that was sent for the month of April.

7. Mr. Sang Chon Lee informed me that he could send one final payment totaling about a quarter of the total balance, however, he could not and would not make any further payments. Further, despite Mr. Lee's assurances, we have not yet received this payment.

8. Defendants have repeatedly informed that their financial situation is dire, at this time I do not believe that they are capable nor willing to continue to pay any of their legal fees going forward.

9. Defendants' inability to pay legal fees in accordance with their current retainer arrangement alone warrants an order from this Court granting Hang & Associates, PLLC leave to withdraw as counsel. *See* Local Civil Rule 1.4; *Police Officers for a Proper Promotional Process v. Port Auth. Of New York and New Jersey,* No. 11 Civ. 7478(LTS)(JFC), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012 (citation omitted) ("it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463(CM)(GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without renumeration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

10. Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

"An attorney who has appeared as attorney of record for a party may be relieved or displaces…upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar."

11. Accordingly, "[w]hen considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. B. First Look Studios, Inc.,* No. 08 Civ. 6469 (DAB)(JCF)2011 WL 672245 at *1 (S.D.N.Y. Feb 17, 2011).

12. Under the standard set forth in *Blue Angel Films,* Id., the withdrawal of Hang & Associates, PLLC as Defendants' counsel is based upon Defendants' inability to pay for our legal representations.

13. As for the second prong of the *Blue Angel Films* test, this litigation is still in its preliminary stages, discovery is still ongoing, and none of the parties have been fully deposed. The withdrawal of Hang & Associates, PLLC will have minimal impact on the timing of the proceeding, and will not be prejudicial against the Plaintiffs in any way.

14. Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of a counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips,* P.C., No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013); *Accord. Karimian v. Time Equities, Inc.*, No. 10 Civ. 3772 (AKH)(JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

15. This firm will be seeking from Defendants the outstanding balance still due and owning for legal services performed.

16. For the foregoing reasons, I respectfully request that the Court grant Defendants' motion to withdraw as Counsel.

Dated: Flushing, New York
      May 25, 2016

                                            /s/ *Jian Hang*
                                            Jian Hang, Esq.