UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE DOE,

                                              *Plaintiff*,

       -against-

HOLY BAGEL CAFE II, INC. d/b/a BAGEL CAFE
d/b/a BAGEL CAFE II, SANG CHON LEE, EN SEOUN
LEE and LUDWIN R. SANCHEZ a/k/a ROBERTO
SANCHEZ,

                                              *Defendants*.
-------------------------------------------------------------------X

Case Action No. 2:15-CV-3620

**(RRM)(AYS)**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

                Respectfully submitted,

                By: Gary Certain, Esq. [GC-7509]
                CERTAIN & ZILBERG, PLLC
                Counsel to Plaintiff *Jane Doe*
                488 Madison Avenue, 20th Fl.
                New York, NY 10022
                Tel. 212-687-7800
                e-mail: gcertain@certainlaw.com

## *TABLE OF CONTENTS*

TABLE OF AUTHORITIES ... …………………………………………………………...i-ii

BACKGROUND & PROCEDURAL HISTORY ......................................................................... 1

ARGUMENT

    A. Standard for Summary Judgment………………………………………………………2

    B. Failure to Pay Wages/Minimum Wage Claim………………………………………….3

    C. Notification of Wage Rate Claim……………………………………………………….4

    D. Wage Statement Claim…………………………………………………………………5

    E. Attorneys' Fees…………………………………………………………………………6

    F. Liquidated Damages Liability…………………………………………………………..6

    G. Prejudgment Interest……………………………………………………………………7

CONCLUSION ................................................................................................................................7


# TABLE OF AUTHORITIES

CASES                                                             PAGE

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)....2

*Cabrera v. N.Y. Fresh Meat Inc.*, 2018 U.S. Dist. LEXIS 80841, *5 (May 14, 2018)…… 7

*Cazarez v. Atl. Farm & Food Inc.*, No. 15 CV 2666 (CBA) (RML), 2017 WL 3701687, at *5 (E.D.N.Y. May 31, 2017)………………………………………………………………. …5

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)…… 2

*Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 467* (E.D.N.Y. 2015)…………… 5

*Demirovic v. Ortega*, 2018 U.S. Dist. LEXIS 68790, *19-20 (E.D.N.Y. Apr. 4, 2018)….7

*Dominic v. Consolidated Edison Co. of New York,* 822 F.2d 1249, 1259 (2d Cir.1987)). 6

*Galeana v. Lemongrass on Broadwy Corp. d/b/a Lemongrass Grill*, 120 F. Supp.

*Gold v. N.Y. Life Ins. Co*., 730 F.3d 137, 144 (2d Cir. 2013)…………………………….7

*Jemine v. Dennis*, 901 F. Supp. 2d 365, 388 (E.D.N.Y. 2012)…………………………. .6

*Kuebel v. Black and Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011))…………………….4

*Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012)……………………………………………………………..4

*Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)…………………………………………………………………… 2, 3

*Piedra v. Ecua Rest., Inc*., 2018 U.S. Dist. LEXIS 16863, at *15 (E.D.N.Y. Jan. 31, 2018).7

*Quarantino v. Tiffany*, 166 F.3d 422 (2d Cir. 1999)…………………………………….. 6

*Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir.1996)……………………… 6

*Reilly v. Natwest Mkts. Grp. Inc*., 181 F.3d 253, 265 (2d Cir. 1999)……………………..7

*Reyes v. Art Tek Design, Ltd.*, No. 16-CV-5168 (ADS) (AYS), 2018 WL 614980, at *8 (E.D.N.Y. Jan. 11, 2018)……………………………………………………………………………..5

*Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 412* (E.D.N.Y. 2017).5

3d 306, 321 (S.D.N.Y. 2014)………………………………………………………………7

*Valerio v. K.A.M. Food Store, Inc.*, 2019 W.L. 7764707 (E.D.N.Y. 2019)……………4, 5


## STATUTES

29 U.S.C. § 206(a)…………………………………………………………………………..3

29 U.S.C. § 216(b)……………………………………………………………………….6, 7

29 U.S.C. § 218(a)………………………………………………………………………. 3

29 U.S.C. § 260…………………………………………………………………………..7

Fed. R. Civ. P 56(c)………………………………………………………………………..2

Fed.R.Civ.P.56(e)…………………………………………………………………………..2

FLSA………………………………………………………………………………………..3

NYLL §195(1-a)…………………………………………………………………………….5

NYLL §195(3)………………………………………………………………………………5

NYLL § 652(1)……………………………………………………………………………...3

NYLL § 198(1-a)…………………………………………………………………….......6

NYLL § 198(1-d))…………………………………………………………………….....6

N.Y. Lab. Law §663(1)……………………………………………………………………..6

WTPA………………………………………………………………………………………..5

## BACKGROUND & PROCEDURAL HISTORY

This is a case originally assigned to Magistrate Judge Anne Y. Shields and Judge Joseph F. Bianco asserting claims of Failure to Pay Wages, Sexual Harassment, Assault, Battery, Wrongful Detention, among other claims. Plaintiff Jane Doe (Plaintiff or "Doe") filed a Summons & Complaint dated June 5, 2015 (Exhibit 1) alleging that while working for Holy Bagel Café II, Inc. d/b/a Bagel Café d/b/a Bagel Café II (hereinafter "Holy Bagel"), Jane Doe, a 17-year-old female high school student, entrusted with the keys to open the store and work early shifts while the Café baker Ludwin R. Sanchez, a/k/a Roberto ("Sanchez") was present and working at the location, and that in or about October 2013 Sanchez began making unwelcome and sexually harassing statements which progressed to brushing up against her butt, then slapping her butt, and ultimately much more aggressive sexual assault. (Declaration of Plaintiff Jane Doe ("Plaintiff Declaration"), ¶3). On several occasions, Doe complained to Sang Chon Lee (the owner of Holy Bagel) and En Seoun Lee (his wife) regarding the aforementioned harassment by Sanchez to no avail. (Plaintiff Declaration, ¶4).

On February 23, 2014, Sanchez locked the minor Doe inside a walk-in-freezer, then after finally letting her out, repeatedly groped her and then sexually pressed against Doe. After Doe was finally able to escape from Sanchez's grasp, requiring significant struggle, and still in tears she contacted her sister and asked for help. Doe's family called the police. As a result, Doe resigned on February 23, 2014 when Sang Chon Lee and En Seoun Lee refused to terminate the employment of Sanchez; and Doe was not paid her last paycheck. (Plaintiff Declaration, ¶5). Holy Bagel failed to pay Doe her wages/minimum wage, and violated New York Labor Law ("NYLL"), Wage Theft Prevention Act ("WTPA"), and Fair Labor Standards Act ("FLSA").

Defendants filed separate Answers (Exhibit 2 & 3). Thereafter, Hang & Associates

withdrew as counsel for Holy Bagel Café, Inc., Sang Chon Lee, and En Seoun Lee, and Rha & Kim replaced them as counsel. After Defendant Sang Lee filed bankruptcy, the Court so ordered the stipulation to dismiss the complaint against Sang Lee on April 3, 2017. On June 28, 2019, Sanchez filed bankruptcy. Thereafter, Plaintiff commenced an adversary proceeding in bankruptcy court objecting to discharging Sanchez's debt regarding this action since Sanchez intentionally, willfully, and maliciously injured Plaintiff pursuant to 11 U.S.C. § 523(a)(6) by way of sexual assault, giving rise to nondischargeable debt. The adversary proceeding in bankruptcy court was stayed pending the instant action.

This Court should grant Doe partial summary judgment against Holy Bagel as to Doe's wage/minimum wage claims, NYLL claims, WTPA claims, and Doe's FLSA claims, and for such other and further relief as this Court may deem just, proper and equitable.

## ARGUMENT

**A.     Standard for Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)… Once the movant has demonstrated that no genuine issue of material fact exists, such that it is entitled to judgment as a matter of law, then "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P.56(e)). However, there must exist more than mere "metaphysical

doubt as to the material facts" to defeat a summary judgment motion. *Id.* at 58. Instead, the non-moving party must present "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256. Only disputes over material facts "that might affect the outcome of the suit under the governing law" will properly preclude the entry of summary judgment. *Id.* at 248; *see also Matsushita,* 475 U.S. 574, 586 (1986).

**B.     Failure to Pay Wages/Minimum Wage Claim**

Plaintiff is entitled to summary judgment on her federal and state minimum wage claims. New York State law provides for a higher minimum wage than the federal law.  See NYLL § 652(1)(minimum wage was $8.00 in February, 2014); 29 U.S.C. § 206(a)(minimum wage was $7.25 in February, 2014).  The FLSA requires that "every employer shall pay to each of his employees who in any workweek is engaged in commerce . . . [the minimum wage]." 29 U.S.C. § 206(a). The statute further provides that employers must pay their employees the state minimum wage if it exceeds the federal minimum wage. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter . . . . ").

Magistrate Judge Anne Shields allowed Doe's Fair Labor Standards Act ("FLSA") claim as shown in the Civil Conference Minute Order dated April 1, 2019 in which she ordered that Doe complete the FLSA interrogatories and produce them to Defendants by April 15, 2019 (Exhibit 4), which Doe complied with on April 15, 2019.  Pursuant to ¶6 of Plaintiff's Response to the FLSA interrogatories dated April 15, 2019, Plaintiff alleged a FLSA claim.  (Exhibit 5).

There is no material issue of fact as to Doe's claim that Holy Bagel failed to pay her wages/minimum wage and violated NYLL and FLSA.  Between February 16, 2014 and February 23, 2014, Doe earned $8.50 per hour, worked a total of 18 hours and 45 minutes for a total of

3

unpaid wages in the sum of $156.75 (before liquidated and other statutory damages). (see Statement of Material Facts ("SOMF"), ¶4, 8 and Plaintiff Declaration, ¶8, 13).  At the deposition of Holy Bagel dated August 27, 2018 Holy Bagel's witness Sang Chon Lee admitted that Doe was not paid for the "work that she had done prior to the incident that caused her to leave".  (see Deposition transcript of Holy Bagel, Exhibit 6, p. 19:7-14).

It is also undisputed that Holy Bagel paid in cash, there was no sign-off sheet to indicate payment, and Holy Bagel did not maintain work schedule and time/work records from February 16, 2014 to February 23, 2014.  (See SOMF, ¶9, 10, see Deposition transcript of En Seoun Lee dated August 27, 2018 ("Lee Deposition"), Exhibit 7, p. 108: line 24-p. 109: line 9, p. 110: line 5-13, Plaintiff Declaration, ¶10 and see Holy Bagel's Response to Plaintiff's First Set of Requests for Production of Documents dated November 20, 2015, Exhibit 8, ¶8).

> "Where an employer fails to maintain adequate or accurate records of its employees' hours, the employee need only produce [ ] sufficient evidence to show the amount and extent of [the uncompensated] work as a matter of just and reasonable inference." *Valerio v. K.A.M. Food Store, Inc.*, 2019 W.L. 7764707 (E.D.N.Y. 2019). An employee "may satisfy his burden through estimates based on his own recollection." Id. (citing *Kuebel v. Black and Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). A sworn declaration from plaintiff may provide a sufficient basis for the Court to determine damages. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012) (discussing that an affidavit based on an employee's recollection is sufficient) (citing cases)".

Accordingly, Plaintiff is entitled to summary judgment regarding her wage claims.

**C. Notification of Wage Rate Claim**

Plaintiff is entitled to summary judgment on her notification of pay rate claim pursuant to NYLL §195(1)(a).  In *Valerio v. K.A.M. Food Store, Inc.*, 2019 W.L. 7764707, the District Court reasoned that "[b]eginning April 9, 2011, New York's Wage Theft Prevention Act ('WTPA') required employers to provide written wage notices 'at the time of hiring, and

4

on or before February first of each subsequent year of the employee's employment with the employer.' " *Cazarez v. Atl. Farm & Food Inc.*, No. 15 CV 2666 (CBA) (RML), 2017 WL 3701687, at *5 (E.D.N.Y. May 31, 2017), adopted by, 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (quoting N.Y. Lab. Law § 195(1-a) (eff. Apr. 9, 2011 to Feb. 27, 2015)). "After February 27, 2015, employees are entitled to damages of $50.00 per work day, up to $5,000." *Reyes v. Art Tek Design, Ltd.*, No. 16-CV-5168 (ADS) (AYS), 2018 WL 614980, at *8 (E.D.N.Y. Jan. 11, 2018), adopted by, 2018 WL 611733 (E.D.N.Y. Jan. 29, 2018) (citations omitted). *Valerio v. K.A.M. Food Store, Inc.*, 2019 W.L. 7764707 (E.D.N.Y. 2019)

In this case, it is undisputed that Plaintiff was paid cash and not furnished with notifications of pay rate as required by NYLL §195(1)(a) and New York's Wage Theft Prevention Act (WTPA) for the period of the 41 weeks of Doe's employment (between May of 2013 until February 23, 2014). (See SOMF, ¶10, 6, Plaintiff Declaration, ¶9, 12). Thus, Plaintiff is entitled to summary judgment on her notification of pay rate claim and $5,000.00 since the violation occurred for more than 20 days.

**D. Wage Statement Claim**

Plaintiff is entitled to summary judgment on her wage statement claim pursuant to NYLL §195(3) and WTPA. In *Valerio v. K.A.M. Food Store, Inc.*, 2019 W.L. 7764707, the District Court reasoned that New York Labor Law § 195(3) provides that "[e]very employer shall ... furnish each employee with a statement with every payment of wages[.]" The wage statement must list "information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details." *Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 412* (E.D.N.Y. 2017) (citation omitted). An employee is entitled to $250 per work day that the violation occurred, up to a maximum of $5,000. *See Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 467* (E.D.N.Y. 2015) (citing NYLL § 198(1-d)).

5

In this case, it is undisputed that Holy Bagel did not give Plaintiff a single wage statement for the entire period of the 41 weeks of Doe's employment (between May of 2013 until February 23, 2014) (see SOMF, ¶7, Plaintiff Declaration, ¶12), and failed to comply with NYLL § 195(3). Holy Bagel paid Plaintiff in cash and there was no sign-off sheet to indicate payment. (See SOMF, ¶10, 11, Plaintiff Declaration, ¶9, Lee Deposition, Exhibit 7, p. 108: line 24-p. 109: line 9). Plaintiff is entitled to summary judgment on her wage statement claim and $5,000.00 since the violation occurred for more than 20 days.

**E. Attorneys' Fees**

Plaintiff is entitled to reasonable attorneys' fees pursuant to NYLL §198(1-a) and (1-d). Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, where they are " 'inextricably intertwined' and 'involve a common core of facts or are based on related legal theories.' " *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1183 (2d Cir.1996) (quoting *Dominic v. Consolidated Edison Co. of New York,* 822 F.2d 1249, 1259 (2d Cir.1987)) (alteration omitted). *See Quarantino v. Tiffany*, 166 F.3d 422 (2d Cir. 1999). Plaintiff is entitled to full attorneys' fees as long as damages awarded are more than "nominal", including on unrelated claims, and Plaintiff requests permission to submit the total legal fees in the event the instant motion is granted, which would at that time include the fees for preparing and arguing the instant motion.

**F. Liquidated Damages Liability**

Under both the FLSA and NYLL, an employee who is not paid his or her minimum wage or overtime compensation is entitled to recover an award of liquidated damages in an amount equal to his unpaid wages, 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1), unless the employer can demonstrate that he or she acted in good faith and had reasonable grounds for believing that the act or omission in proper payment was in compliance with the law. *See Jemine v. Dennis*, 901

6

F. Supp. 2d 365, 388 (E.D.N.Y. 2012) (citing 29 U.S.C. §§ 216(b), 260); see also *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *15 (E.D.N.Y. Jan. 31, 2018); *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 144 (2d Cir. 2013).

Since Plaintiff's unpaid wages total $156.75, Plaintiff is entitled to an additional $156.75 as liquidated damages. In the instant case, Holy Bagel admitted that it did not pay Plaintiff and cannot show that it acted in good faith or had reasonable grounds for its failure to comply with the FLSA and the NYLL in light of its failure to pay after the lawsuit was filed.

**G. Prejudgment Interest**

Plaintiff is entitled to prejudgment interest on her unpaid wage claim at a rate of nine percent per annum, accruing on February 23, 2014 when her cause of action for unpaid wages arose and continuing at that statutory rate to present. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 390 (E.D.N.Y. 2012); *Galeana v. Lemongrass on Broadwy Corp. d/b/a Lemongrass Grill*, 120 F. Supp. 3d 306, 321 (S.D.N.Y. 2014); *Cabrera v. N.Y. Fresh Meat Inc.*, 2018 U.S. Dist. LEXIS 80841, *5 (May 14, 2018). The Second Circuit has held that, because liquidated damages and prejudgment interest are not functional equivalents under the NYLL, prevailing plaintiffs may recover both for claims brought under the NYLL. *See id.* (awarding both liquidated damages and prejudgment interest). *See also Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). *Demirovic v. Ortega*, 2018 U.S. Dist. LEXIS 68790, *19-20 (E.D.N.Y. Apr. 4, 2018).

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to summary judgment on her unpaid wages/minimum wage claims, NYLL claims, WTPA claims, and FLSA claims, liquidated

7

damages, attorneys' fees, and prejudgment interest against Defendant Holy Bagel.

Dated: September 24, 2020

                                        Respectfully submitted,

                                        _____
                                        By: Gary Certain, Esq. [GC-7509]
                                        CERTAIN & ZILBERG, PLLC
                                        Counsel to Plaintiff *Jane Doe*
                                        488 Madison Avenue, 20th Fl.
                                        New York, NY 10022
                                        Tel. 212-687-7800
                                        e-mail: gcertain@certainlaw.com