UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JANE DOE,

                                Plaintiff,

              -against-

HOLY BAGEL CAFÉ II, INC. d/b/a BAGEL CAFÉ
d/b/a BAGEL CAFÉ II, EN SEOUN LEE and LUDWIN
R. SANCHEZ a/k/a ROBERTO SANCHEZ,

                           Defendants.
--------------------------------------------------------------------X

Case Action No.
2L15-CV-3620

(RRM)(JMW)

**JOINT PRETRIAL
ORDER**

       Pursuant to section V(A) of the Individual Rules of Judge Roslynn R. Mauskopf, the parties

in the above-captioned action submit the following Joint Pretrial Order:

1. The full caption of the action:

> THE ABOVE CAPTION IS THE FULL UNABBREVIATED CAPTION FOR
> THE INSTANT ACTION. (Defendant SANG CHON LEE has been discharged
> as a party to this action due to a bankruptcy discharge, see Docket #40)

2. The names (including firm names), mailing addresses, e-mail addresses, and telephone
   and fax numbers of trial counsel.

> *Trial Counsel for Plaintiff:*
>
>              CERTAIN & ZILBERG, PLLC
>              By: Patrick Griesbach, ESQ.
>              For: JANE DOE
>              488 Madison Avenue, 20th Floor
>              New York, New York 10022
>              Tel. (212) 687-7800
>              Fax (212) 687-7801
>              Email: pgriesbach@certainlaw.com
>
> *Trial Counsel for Defendants:*
>
>              RHA KIM GROSSMAN & MCILWAIN, LLP
>              By: Andrew Grossman, ESQ.
>              For: HOLY BAGEL CAFE II, INC. d/b/a
>              BAGEL CAFE d/b/a BAGEL CAFE II,
>              and EN SEOUN LEE

215-10 Northern Blvd., Suite 201
Bayside, New York 11361
Tel. (718) 321-9797
E-mail: agrossman@rhakimlaw.com

YOUNG & YOUNG ESQ.
By: Richard W. Young, ESQ.
For: LUDWIN R. SANCHEZ
a/k/a ROBERTO SANCHEZ
863 Islip Avenue
Central Islip, New York 11722
Tel: (631) 224-7500
Fax: (631) 224-9400
Email: seaox26@aol.com
[*Subject to motion to be relieved as counsel*]

3. A brief statement by Plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to statutes and case law relied upon, and relevant facts as to citizenship and jurisdictional amount.

    a. **Statement by Plaintiff**: This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and specifically under USC § 2000e-5(f)(3) because Plaintiff's first cause of action is rests upon federal cause of action for unlawful discrimination practices in the workplace.

    b. **Statement by Defendants Holy Bagel Cafe II, Inc. D/B/A Bagel Cafe d/b/a Bagel Cafe II, and En Seoun Lee**: The Court lacks subject matter jurisdiction over the New York State wage and hour law claims, which are not based on the same core facts as the federal questions presented in the other causes of action. No FLSA claims were made, nor were any federal wage and labor law claims asserted, and thus the state wage law claims are not subject to federal court jurisdiction.

    c. **Statement by Defendant Ludwin R. Sanchez a/k/a Roberto Sanchez**:

4. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, including citations to statutes and case law relied upon. Such summaries shall clearly identify all claims and defenses previously asserted that are not to be tried.

    a. **Plaintiff's Causes of Action**:

        i. *Plaintiff's First Cause of Action: Federal Sexual Harassment and Discrimination*. By allowing Plaintiff to be sexually assaulted at the workplace, the Defendants Holy Bagel Café Inc. and En Seoun Lee are liable under Federal law for the sexual assaults of Plaintiff. Specifically, the aforementioned Defendants are liable for a hostile work environment claim under Title VII for allowing the then infant Plaintiff to be sexually

assaulted while working at Holy Bagel Café after the aforementioned Defendants received actual notice of sexual harassment and assault by Defendant Sanchez and failed to take any corrective actions or measures to prevent further sexual assault of the then infant Plaintiff by Defendant Sanchez at Holy Bagel Café.  See generally Petrosino v. Bell Atl., 385 F.3d 210 (2nd Cir. 2004); see also Redd v. New York Div. of Parole, 687 F.3d 166, 177 (2nd Cir. 2012)("Direct Contact with an intimate body part constitutes one of the most severe forms of sexual harassment.")

ii. *Plaintiff's Second Cause of Action: Sexual Harassment and Discrimination under New York State Executive Law § 296(1)(a)*.  Plaintiff's second cause of action rests on the New York State Executive Law § 296(1)(a) for sexual harassment in the workplace and courts apply an equivalent analysis to this cause of action as to Title VII, above.  See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n. 1 (2nd Cir. 2000).  Therefore, Plaintiff's second cause of action is against Holy Bagel Café for allowing the then infant Plaintiff to be sexually assaulted while working at Holy Bagel Café after Holy Bagel Café received actual notice of sexual harassment and assault by Defendant Sanchez and failed to take any corrective actions or measures to prevent further sexual assault of the then infant Plaintiff by Defendant Sanchez at Holy Bagel Café.

iii. *Plaintiff's Third Cause of Action: Sexual Harassment and Discrimination under New York State Executive Law § 296(6)*.  Plaintiff's third cause of action is against Defendant Ludwin Sanchez and En Seoun Lee for aiding and abetting the actual sexual abuse that is the subject of this lawsuit pursuant to New York State Executive Law § 296(6).  See generally, Pellegrini v. Sovereign Hotels, Inc., 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010).

iv. *Plaintiff's Fourth Cause of Action: New York State Common Law Battery*.  Plaintiff's fourth cause of action is maintained against Defendant Ludwin Sanchez for intentionally, and without consent, making offensive physical contacts to the then infant Plaintiff in a sexual manner.

v. *Plaintiff's Fifth Cause of Action: New York State Common Law Assault*.  Plaintiff's fifth cause of action is maintained against Defendant Ludwin Sanchez  for intentionally placing the then infant Plaintiff in apprehension of imminent offensive touching against her will.

vi. *Plaintiff's sixth Cause of Action: Wrongful Detention/False Imprisonment.*  Plaintiff's sixth cause of action is maintained against Defendant Ludwin Sanchez for intentionally locking and confining the then infant Plaintiff in a large, walk-in freezer within the Holy Bagel Café premises.

vii. *Plaintiff's seventh cause of action: Failure to Pay Wages Pursuant to Article 6 of New York State Labor Law*.  Plaintiff's seventh cause of action

is maintained against Defendant Holy Bagel Café for failing to pay the then infant Plaintiff the $156.75 she was owed as her last payment for work before she was constructively terminated as a result of Defendant Sanchez's sexual assault of the then infant Plaintiff at Holy Bagel Café.

b. **Defenses by Defendants Holy Bagel Cafe II, Inc. D/B/A Bagel Cafe d/b/a Bagel Cafe II, and En Seoun Lee:**

  i. Holy Bagel and En Seoun Lee were unaware of any prior incidents between the Plaintiff and Mr. Sanchez prior to the date of the assault, and were unaware of the assault allegations until the police arrived. The company was not on notice of any propensity by Mr. Sanchez to behave in such a manner, as there had been no prior incidents that were reported to Ms. Lee or the business.

  ii. The first time Mr. Sanchez' behavior was called to the attention of the business and Ms. Lee was when the police were called, and the Plaintiff never returned to work thereafter. Consequently, she was never subject to a hostile work environment chargeable to the business, because they were not on notice of any deficiencies prior to her departure.

  iii. There are no facts suggesting that the business or Ms. Lee undertook any actions that "aided and abetted" the alleged torts by Mr. Sanchez.

  iv. There was no failure to pay wages. The Plaintiff simply refused to come to the store to pick up her last week's pay, and did not answer phone calls or text messages requesting that she tell the business where to send her final paycheck; this is a self-created cause of action. Additionally, this was brought as a state law cause of action, without appropriate supplemental federal jurisdiction, as the failure to pay wages arises from a different set of core facts from the other causes of action in the instant action, so the Court lacks subject matter jurisdiction to hear that claim.

c. **Defenses by Defendant Ludwin R. Sanchez a/k/a Roberto Sanchez:**

  i. Defendant denies the allegations in full.

5. A brief statement specifying the damages sought on each claim, cross-claim, counter-claim, or third-party claim, including citations to statutes and case law relied upon.

a. **Plaintiff's Damages**:

  i. Plaintiff alleges past pain and suffering in the form of psychological damages, including, but not limited to, post-traumatic stress syndrome and Major Depressive Disorder amounting $750,000.00 for the sexual harassments and assaults Plaintiff endured while working for Holy Bagel Café from the date of incidents to the present.

     ii. Plaintiff alleges future pain and suffering in the form of psychological damages, including, but not limited to, post-traumatic stress syndrome and major depressive disorder amounting $750,000.00 for the sexual harassments and assaults Plaintiff endured while working for Holy Bagel Café from the present to future.

     iii. Plaintiff alleges unpaid wages in the amount of $156.75.

     iv. Plaintiff statutory attorney's fees to be determined via post trial lodestar application to the Court.

6. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

    a. **Plaintiff's Statement**: This case is to be tried with a jury and is expected to take approximately 4 to 5 days.

    b. **Defendants Holy Bagel Cafe II, Inc. D/B/A Bagel Cafe d/b/a Bagel Cafe II, and En Seoun Lee:** Defendants anticipate the trial will require 3-4 days.

7. A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).

    a. The parties have not consented to trial before a Magistrate Judge.

8. Any stipulations or statements of fact or law that have been agreed to by all parties.

    a. **Factual Stipulations**:

     i. That Defendant Holy Bagel Café is a bagel and delicatessen shop operating at 134 West Main Street, Bay Shore, NY 11706.

     ii. That Defendant Holy Bagel Café operated at 134 West Main Street, Bay Shore, NY 11706 in 2013 and 2014.

     iii. That Defendant En Seoun Lee was a manager of Holy Bagel Café in 2013 and 2014.

     iv. That Plaintiff was an employee of Holy Bagel Café from the spring of 2013 up to, and including, February 23, 2014.

     v. That Defendant Roberto Sanchez was also an employee at Holy Bagel Café while Plaintiff was employed at Holy Bagel Café.

     vi. That Defendant Roberto Sanchez was also an employee at Holy Bagel Café during the period of time when Plaintiff was employed at Holy Bagel Café.

vii.   That Defendant Roberto Sanchez job responsibilities included starting the process of preparing and baking bagels before the Holy Bagel Café was open to customers.

viii.   During the period of time between spring of 2013 up to, and including, February 23, 2014, Defendant Roberto Sanchez was the only employee who would make bagels at the Holy Bagel Café shop.

ix.   That Plaintiff's employment at Holy Bagel Café ended on February 23, 2014.

x.   That Defendant Roberto Sanchez's employment at Holy Bagel Café continued after February 23, 2014.

xi.   That on February 23, 2014, the police arrived at Holy Bagel Café after being informed of an alleged sexual assault.

xii.   The Plaintiff, during her employment with the Holy Bagel Café, was entrusted to operate the cash register.

xiii.   That Plaintiff was entrusted with a key to the Holy Bagel Café at the time her employment at Holy Bagel Café.

xiv.   At the end of the Plaintiff's employment with the Holy Bagel Café the Plaintiff was owed payment for uncompensated work hours.

xv.   Plaintiff has not received payment for her outstanding work hours.

b.   **Stipulations of Law**:

9.   A list of the names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief statement of the expected testimony of each witness.  Only listed witnesses will be permitted to testify except where prompt notice has been given and good cause shown.

a.   **Plaintiff's Witnesses**:

i.   Plaintiff Jane Doe.

1.   Contact information: Plaintiff's counsel at Certain & Zilberg, PLLC.

2.   Plaintiff is expected to testify that she was employed by Defendant Holy Bagel Café from the spring of 2013 to February 23, 2013. Plaintiff will testify that she began receiving unwelcome comments from Defendant Ludwin Sanchez that were sexual in nature in or about October of 2013.  Plaintiff is expected to testify that around October of 2013, Defendant Ludwin Sanchez began unnecessarily rubbing against Plaintiff's buttocks as he walked by Plaintiff while

Plaintiff was working at Defendant Holy Bagel Café.  Plaintiff is expected to testify that she informed both Sang Chon Lee and En Soeun Lee about Defendant Sanchez's Actions.  Plaintiff is expected to testify that neither Sang Chon Lee or En Seoun Lee took any actions to prevent Mr. Sanchez's offensive behavior.  Plaintiff is further expected to testify that on the morning of February 23, 2013, while only Defendant Sanchez and Plaintiff were at Holy Bagel Café, Mr. Sanchez locked Plaintiff in a walk-in freezer and then sexually groped Plaintiff as Mr. Sanchez pinned Plaintiff against a wall and Plaintiff struggled to break free from Mr. Sanchez. Plaintiff is further expected to testify that immediately after this incident Plaintiff texted a family member as to what happened, and the police arrived at the scene. Plaintiff is expected to testify that she was informed that she could no longer work at Holy Bagel Café since Holy Bagel Café would keep Mr. Sanchez as an employee. Plaintiff will testify as to the depression and post traumatic stress she has experienced since this incident occurred and how this incident continues to impact her life to this day.

ii.  Dr. Lama Bazzi, MD:

1. Contact Information:

   a. Email: lama@drbazzipsychiatry.com

   b. Phone number: (929) 255-4315

   c. Mailing Address: 90 Broad Street, #310, New York, New York 10004.

2. Expected Testimony: Dr. Lama Bazzi, a board-certified psychiatrist, is expected to testify as to her opinions of Plaintiff's psychological condition from this incident based in part on Dr. Bazzi's in-person examination of Plaintiff on October 17, 2018. Specifically, Dr. Bazzi is expected to testify as to her diagnoses of Plaintiff's post-traumatic stress disorder and major depressive disorder caused by Plaintiff's sexual abuse that occurred at Holy Bagel Café.

iii.  Sang Chon Lee (Requires Korean Interpreter).

1. Contact Information: Defense counsel at Rha Kim Grossman & McIlwain, LLP

2. Sang Chon Lee (previously a named Defendant in this matter) is expected to testify that he was the owner of Holy Bagel Café in 2013 and 2014.  He is expected to confirm in his testimony that Plaintiff was employed by Holy Bagel Café in 2013 and 2014.  Sang Chon Lee

is expected to deny receiving notice that Defendant Ludwin R. Sanchez was sexually harassing Plaintiff before February 23, 2013.

iv. Defendant En Seoun Lee (Requires Korean Interpreter).

1.   Contact Information: Defense counsel at Rha Kim Grossman & Mcilwain, LLP.

2.   Defendant En Seoun Lee is expected to testify that she is the wife of witness Sang Chon Lee and that she was the manager of Holy Bagel Café in 2013 and 2014. She is expected to confirm that Plaintiff was worked in a managerial capacity by Holy Bagel Café in 2013 and 2014. Based on her deposition testimony, she will deny being told by Plaintiff on October of 2013 and/or any time prior to February 23, 2014, that Defendant Sanchez was sexually harassing and assaulting the Plaintiff.

v. Defendant Ludwin R. Sanchez (Requires Spanish Interpreter).

1.   Contact Information: Defense counsel at Young & Young Esq.

2.   Defendant Sanchez is expected to testify about his work as a baker at Holy Bagel Café in 2013 and 2014, leading up to the incident that occurred on February 23, 2014, where Plaintiff called the police alleging Defendant Sanchez sexually assaulted Plaintiff. Based on his deposition testimony, Defendant Sanchez is expected to deny sexual harassment or sexual assault of the Plaintiff.

b. **Defendants Holy Bagel Cafe II, Inc. D/B/A Bagel Cafe d/b/a Bagel Cafe II, and En Seoun Lee Witnesses**:

i. Defendant En Seoun Lee (requires Korean interpreter)

1.   Contact information: Defense counsel at Rha Kim Grossman & McIlwain, LLP.

2.   Defendant En Seoun Lee is expected to testify that she was a manager of Holy Bagel Café in 2013 and 2014. She is expected to testify that Plaintiff was an employee during that time, working as a cashier at the front of the store. She is expected to testify that she received no prior reports of any kind about Mr. Sanchez prior to February 23, 2014, that Plaintiff left the store and never came back, and that her attempts to find out where to send Plaintiff's final paycheck went unanswered.

      ii.  <u>Sang Chon Lee (requires Korean interpreter)</u>

         1.  Contact information: Defense counsel at Rha Kim Grossman & McIlwain, LLP.

         2.  Mr. Lee is expected to testify that he was a manager of Holy Bagel Café in 2013-2014. He is expected to confirm Plaintiff's employment, and testify that he received no reports about Mr. Sanchez prior to February 23, 2014. He is expected to confirm that Plaintiff did not come to pick up her paycheck after that day, and that despite his phone calls and text messages, she never provided a forwarding address.

**c.**  **<u>Defendant Ludwin R. Sanchez a/k/a Roberto Sanchez Witnesses:</u>**

      i.  Ludwin R. Sanchez requires a Spanish interpreter. The Defendant is expected to testify that all of Plaintiff's allegations are false. He had no contact with the Plaintiff and is incapable of communicating with plaintiff as he only speaks Spanish.

10. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objection by any other party.

    a.  None.

11. A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds. Meritless objections on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence except for good cause shown.

**<u>A.</u>**  **<u>Plaintiff's Exhibits</u>**:

    1.  Photo of closed walk-in refrigerator door from outside with storage shelves and containers on the left.

    2.  Photo from outside of closed walk-in refrigerator door.

    3.  Photo of sticker on back of walk-in refrigerator door.

    4.  Photo depicting inside of walk-in refrigerator with door open and racks of bagels inside.

5.  Photo of inside of walk-in refrigerator with shelves/boxes on left and bagel racks on right.

6.  Photo of Holy Bagel Café employee.

7.  Photo of front register area from customer perspective.

8.  Photo of refrigerated drink cases from customer perspective.

9.  Photo of tip jar and cash register with $7.75 displayed on machine.

10. Photo of menu board, surveillance camera, and baked goods case from customer perspective.

11. Photo of aisle from behind the counter showing bagel baskets.

12. Photo from behind the counter showing cash register.

13. Photo from behind the counter showing coffee station and fridge door to drink cases.

14. Photo of cash register with bagel baskets behind the register.

15. Photo of inside of refrigerated drink room.

16. *New York State Department of Labor Minimum Wage Information.*

17. Mr. Lee EEOC Response Submission, dated 8.28.14.

18. Defendants' Response to Plaintiffs' First Request for Admissions, dated 11.20.15.

19. Holy Bagel Tax Return – 2012.

20. Holy Bagel Tax Return – 2013.

21. Holy Bagel Tax Return – 2014.

22. Letter from Certain & Zilberg to Holy Bagel Café, dated March 24, 2014.

23. Declaration of Sang Chon Lee, dated 12.15.14.

24. Signed Affidavit of Sang Chon Lee, dated 10.8.2020.

25. Defendant Holy Bagel Café II Response Plaintiff's First Interrogatories, dated 11.20.15.

26. Defendants' First Supplemental Response to Plaintiff's First Interrogatories, dated 12.15.2015.

27. Roberto Sanchez letters, dated 7.31.14.

*28. Photo of board with handwritten notations regarding delivery orders and other matters.*

*29. Photo of wi-fi modem on desk with wires attached.*

*30. Photo of close-up of wires attached to modem.*

31. Defendant En Seoun Lee's Response to Plaintiff's First Interrogatories, dated 11.20.15.

32. Defendant Sang Chon Lee's Response to Interrogatories, dated 11.20.15.

33.  Holy Bagel List of Employees.

34. Defendant Sanchez's Response to Interrogatories, dated April 21, 2016.

35. Deposition Transcript of Sang Chon Lee, dated April 21, 2016.

36. Deposition Transcript of Sang Chon Lee, dated May 4, 2016.

37. Deposition Transcript of Sang Chon Lee, dated August 27, 2018.

38. Deposition Transcript of En Seoun Lee, dated August 27, 2018.

39. Deposition Transcript of Ludwin R. Sanchez, dated August 29, 2018.

40. Deposition Transcript of Sang Chon Lee, dated January 29, 2019.

41. Video Deposition of Sang Chon Lee dated January 19, 2019.

**B.   Defendants Holy Bagel Cafe II, Inc. D/B/A Bagel Cafe d/b/a Bagel Cafe II, and En Seoun Lee Exhibits:**

A.  Affidavit of Plaintiff.

B.  Deposition Transcript of Plaintiff, dated July 26, 2018.

**C.   Defendant Ludwin R. Sanchez a/k/a Roberto Sanchez Exhibits:**

1.  Charge of Discrimination EEOC Form 5, dated 05/13/2014;

2.  Plaintiff's Psychiatric Evaluation prepared by Lama Bazzi, M.D. dated 10/17/2018;

3.  Plaintiff's deposition dated 07/26/2018;

4.  Plaintiff's Linkedin Profile.

*Plaintiff does not object subject to appropriate redactions, otherwise Plaintiff objects pursuant to FRE § 401 & 403.

Dated: January 26, 2022
      New York, New York

Certain & Zilberg, PLLC
By: Patrick Griesbach, ESQ.
For: JANE DOE
488 Madison Avenue, 20th Floor
New York, New York 10022
Tel. (212) 687-7800
Fax (212) 687-7801
pgriesbach@certainlaw.com

Rha Kim Grossman &
Mcilwain, LLP
By: Andrew Grossman, ESQ.
For: HOLY BAGEL CAFE II,
INC. d/b/a
BAGEL CAFE d/b/a BAGEL
CAFE II,
and EN SEOUN LEE
215-10 Northern Blvd., Suite
201
Bayside, New York 11361
Tel. (718) 321-9797
Fax (718) 321-9799
agrossman@rhakimlaw.com

Young & Young Esq
By: Richard W. Young, ESQ.
For: LUDWIN R. SANCHEZ
a/k/a ROBERTO SANCHEZ
863 Islip Avenue
Central Islip, New York 11722
Tel: (631) 224-7500
Fax: (631) 224-9400
seaox26@aol.com
[*Subject to motion to be relieved as counsel*]