

| Branch Offices in Suffolk County: | **RONALD D. WEISS, P.C.** | Branch Offices in Nassau County: |
|---|---|---|
| 150 Motor Parkway<br>Ste 401, Rm 424<br>Hauppauge, NY 11788<br><br>80 Orville Drive<br>Ste 100, Rm 225<br>Bohemia, NY 11716 | **ATTORNEY AT LAW**<br>734 Walt Whitman Road., Suite 203, Melville, New York 11747<br>phone: (631)271-3737/3783 • fax: (631)271-3784<br>e: weiss@fresh-start.com | 626 RexCorp Plaza<br>Rm 681<br>Uniondale, NY 11556<br><br>1129 Northern Blvd<br>Ste 404<br>Manhasset NY 11030 |

March 1, 2022

**VIA CM/ECF**
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **In re Doe v. Holy Bagel II et. al.**
> **Civ Case # 15-CV-03620-RMM**
>
> **In Re: Doe v. Sanchez**
> **Adv No.: 8-19-8125-LAS**

Dear Judge Mauskopf:

    This office represents Ludwin Sanchez a/k/a Roberto Sanchez, Defendant (the "Defendant") in the above referenced District Court action (the "District Court Action"). The Plaintiff, Jane Doe, is represented by the Law Firm of Certain & Zilberg, PLLC. Our office is representing the Defendant in connection with the Adversary Proceeding (the "Bankruptcy Adversary Proceeding") filed by Jane Doe in the Bankruptcy Court seeking to have any judgment entered in her favor in the District Court Action non-dischargeable in the Defendant's Bankruptcy Adversary Proceeding pursuant to 11 U.S.C. Section 523(a)(6).

    The Plaintiff is seeking to have her debt against the Defendant non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6). 11 U.S.C. Section 523(a)(6) excepts from discharge any debt for willful and malicious injury by the Debtor to another entity or to the property of another entity. The Plaintiff has the burden of establishing the elements of § 523(a)(6) by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "In determining whether a particular debt falls within one of the exceptions of section 523, the statute should be strictly construed against the objecting creditor and liberally in favor of the debtor."  .

    We disagree with Plaintiff's Counsel statement in his letter to Chambers dated February 25, 2022 that "the factual determination made during the trial …. given the intentional nature of

*Bankruptcy Law • Reorganization • Foreclosure Defense • Mortgage Modification • Litigation Defense • Creditor Negotiations*



**Branch Offices
in Suffolk County:**

150 Motor Parkway
Ste 401, Rm 424
Hauppauge, NY 11788

80 Orville Drive
Ste 100, Rm 225
Bohemia, NY 11716

**RONALD D. WEISS, P.C.**

**ATTORNEY AT LAW**

734 Walt Whitman Road., Suite 203, Melville, New York 11747
phone: (631)271-3737/3783 • fax: (631)271-3784
e: weiss@fresh-start.com

**Branch Offices
in Nassau County:**

626 RexCorp Plaza
Rm 681
Uniondale, NY 11556

1129 Northern Blvd
Ste 404
Manhasset NY 11030

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
Page 2
March 1, 2022

the claims against the Defendant Sanchez are likely to be dispositive with respect to the issue of non-dischargeabilty under 11 U.S.C. Section 523(a)(6)."

Plaintiff is essentially seeking what the Defendant is trying to avoid-that any judgment entered in her favor in the District Court Action will be given preclusive effect under Res Judicata in the Bankruptcy Adversary Proceeding against our client, Ludwin Sanchez.

Not to litigate by letter, but it has been established by precedent that there is no authority for treating sexual harassment as an intentional tort to operate as a basis for non-dischargeability under 11 U.S.C. Section 523(a)(6). See In *Re Busch*, 311 B.R. 657, 670 (Bankr.N.D.N.Y. 2004) (denying collateral estoppel effect to District Court judgment in sexual harassment case in Adversary Proceeding filed by the creditor under 11 U.S.C. Section 523(a)(6). Plaintiff failed to show "willfulness" as per Supreme Court case of *In re Geiger*, 118 S.Ct. 974 (2014) See also *In re Goldberg*, 487 B.R. 112, 127 (Bankr.E.D.N.Y. 2013)-siding with majority line of cases in denying preclusive effect of collateral estoppel to sexual harassment/discrimination judgments, holding that such judgments do not *per-se* establish an objection to discharge under 11 U.S.C. Section 523(a)(6).

So as to not prejudice our client, Ludwin Sanchez, we once again reiterate the request that we made to Chambers in our letter of February 24, 2022 that the District Court refrain from making any determinations of non-discbargeability against Ludwin Sanchez in the District Court Action.

Thank you for Your Honor's time.

Respectfully submitted

By: /s/ Michael Farina
Michael Farina, Esq.

cc: Gary Certain, Esq. (VIA ECF and e-mail certain@certainlaw.com)
Patrick Griesbach, Esq. (VIA ECF and e-mail pgriesbach@certainlaw.com)
Kim Ly, Esq. (VIA ECF and e-mail kly@certainlaw.com)
Richard Young, Esq. (VIA ECF and e-mail seaox26@aol.com)
Ludwin Sanchez

*Bankruptcy Law • Reorganization • Foreclosure Defense • Mortgage Modification • Litigation Defense • Creditor Negotiations*