UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JANE DOE,

                        Plaintiff,                      **ORDER**
                                                       2:15-cv-03620 (MKB) (JMW)

        -against-

HOLY BAGEL CAFE II, INC et al,

                        Defendant.

-----------------------------------------------------------------X

**A P P E A R A N C E S:**

Micheal Zilberg
Gary Todd Certain
**Certain & Zilberg, PLLC**
488 Madison Avenue, 20th Floor
New York, New York 10022
*Attorneys for Plaintiff*

Patrick M Griesbach
**Caesar and Napoli, P.C.**
233 Broadway, Suite 2348
New York, New York 10279
*Attorney for Plaintiff*

Andrew David Grossman
**Rha & Kim LLP**
215-45 Northern Boulevard, Suite 200
Bayside, New York 11361
*Attorney for Defendants Holy Bagel Cafe II, Inc. & En Seoun Lee*

Richard W. Young
**Young & Young**
863 Islip Avenue
Central Islip, New York 11722
*Attorney for Defendant Ludwin R. Sanchez a/k/a/ Roberto Sanchez*

**WICKS,** Magistrate Judge:

        Plaintiff Jane Doe ("Plaintiff") commenced this action alleging violations of federal and

state sexual harassment and discrimination laws[1], state tort laws,[2] and New York Labor Law ("NYLL"), based on alleged sexual assault she endured and non-payment of appropriate wages. (*See generally* ECF No. 1.) Defendants include Holy Bagel Café II—a Long Island bakery and bagel shop—Sang Chon Lee[3] and En Seoun Lee—shareholders, directors, managers and supervisors of Holy Bagel—and Ludwin R. Sanchez a/k/a/ Roberto Sanchez—a senior baker at Holy Bagel ("Defendants") (*Id.*) On February 4, 2016, Defendant Sanchez retained Richard W. Young ("Attorney Young") to represent him in this matter (*See* ECF No. 18.)

Before the Court is Attorney Young's motion to withdraw as counsel for Defendant Sanchez (ECF No. 70) which was served upon Defendant Sanchez via first class mail (*see* ECF No. 71), along with the Court's September 30, 2024 Electronic Order providing Defendant Sanchez with an opportunity to respond to the motion for withdrawal. Defendant Sanchez has not opposed Attorney Young's motion.

For the reasons stated herein, Attorney Young's motion to withdraw (ECF No. 70) is granted.

## **DISCUSSION**

Attorney Young asserts one ground in seeking withdrawal here—a breakdown of communication between him and Defendant Sanchez. (*See* ECF No. 70, Young Decl. ¶ 3.) Attorney Young specifically asserts that there has been "no contact between the attorney and client for

---

[1] Federal claims of sexual harassment and discrimination fall under the purview of Title VII of the Civil Rights Act of 1965 ("Title VII"), while the state law equivalent for these claims is New York State and City Human Rights Law ("NYSCHRL").

[2] Plaintiff asserts state tort causes of action for common law battery, common law assault, and false imprisonment. (*See* ECF No. 1, ¶¶ 77-104.)

[3] The action was discontinued against Sang Chon Lee. (ECF No. 40.)

several years." (ECF No. 70, Young Mem. of Law, p. 2.)  Namely, following prolonged delays in the litigation, Attorney Young lost contact with Defendant Sanchez and has been unable to contact him via phone or mail, thereby rendering any form of effective representation virtually impossible. (*Id.*)  The motion is unopposed.

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local Civil Rule. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)).  New York's Rules of Professional Conduct ("NYRPC") [4] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]).  The ground proffered here, an uncooperative client, falls within the permissive bucket (*see* NYRPC rule 1.16[c][7][5]).  The American Bar Association Code

---

[4] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[5] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[6] Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant the application for withdrawal. *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y.1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."). Specifically, where an attorney is unable to communicate with his or her client, a court will find that the client has made it unreasonably difficult for counsel to effectively provide representation and will subsequently permit an attorney's withdrawal. *See e.g., Winters v. Phountain PH Holdings Corp.*, No. 23-CV-01668, 2024 WL 198381, at *3-4 (E.D.N.Y. Jan. 18, 2024) (concluding that where the attorney was "unable to contact her client at all" for over a year, withdrawal was warranted as her continued representation "would not [lead to] any success in communicating with [her client]"); *see also Interpool, Inc. v. JJS Transp. & Distrib. Co.*, No. 22-cv-0103 (JMA)(JMW), 2022 WL 17335670, at *6 (E.D.N.Y. Nov. 30, 2022) (granting the attorneys' motion to withdrawal following "repeated attempts" to communicate with their client that "utterly failed"); *see also Louima v. City of New York*, No. 98 CV 5083 (SJ), 2004 WL 2359943, at *61 (E.D.N.Y. Oct. 5, 2004) (concluding that an attorney may permissibly withdraw from his representation upon a client's failure to

---

[6] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

communicate with the attorney).

Attorney Young was retained by Sanchez in February of 2016 and subsequently embarked on an attorney-client relationship plagued with stays and delays in litigation. (ECF No. 70, Young Decl. ¶¶ 2-3.) Consequently, the attorney-client relationship gradually deteriorated as Attorney Young not only had no contact with Defendant Sanchez "for many years", but also was not familiar with anyone related or close to Defendant Sanchez (*Id.* ¶ 3.) Moreover, Defendant Sanchez no longer possesses a working phone number and all attempts to mail documents to him at his last known address have been returned to Attorney Young as incapable of being delivered. (*Id.*) Accordingly, Attorney Young is unable to contact Defendant Sanchez, thereby making it "unreasonably difficult" for Attorney Young to carry out his representation effectively. (*See id.*) Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate. *See United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("[W]here a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted.").

## CONCLUSION

For the reasons stated above, Attorney Young's motion to withdraw as counsel for Defendant Sanchez filed at ECF No. 70 is hereby granted. Outgoing counsel shall serve a copy of this Order on Defendant Sanchez by overnight mail and file proof of service of the same on or before October 24, 2024. The action is stayed until November 15, 2024 to allow Sanchez to retain

new counsel.  The parties are directed to appear for a status conference on November 26, 2024 at 11:30 a.m. in Courtroom 1020 to address remaining dates and deadlines in this case.

Dated: Central Islip, New York
       October 17, 2024

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge